NICHOLS KASTER & ANDERSON LLP
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

NICHOLS KASTER & ANDERSON, PLLP
James H. Kaster, CA State Bar No. 248949
kaster@nka.com
4600 IDS Center, 80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile:  (612) 338-4878

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Charles Jason Moran,<br><br>            Plaintiff,<br><br>v.<br><br>Piper Jaffray & Co.,<br>d/b/a Piper Jaffray,<br><br>            Defendant. | **CASE NO: 08-cv-3188**<br><br>**MEMORANDUM AND POINTS OF AUTHORITIES IN OPPOSITION TO DEFENDANT'S**<br><br>**(1) PETITION TO COMPEL ARBITRATION; AND**<br><br>**(2) MOTION TO STAY PROCEEDINGS**<br><br>Date: August 22, 2008<br>Time: 9:00 a.m.<br>Place: Department 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |

**MEMORANDUM IN OPPOSITION TO PETITION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

**I. INTRODUCTION**

Contrary to the representations in Defendant's moving papers, Plaintiff informed Defendant prior to Defendant's filing of this motion that Plaintiff would be filing for arbitration through FINRA. In the telephone referenced in the Moriarty Declaration, Plaintiff pointed Defendant to FINRA Code of Arbitration Procedure for Industry Disputes § 13804 (hereinafter, "FINRA Code"), which expressly allows the pursuit of a preliminary injunction in any Court of competent jurisdiction. Plaintiff seeks exactly that relief from this Court. Plaintiff has filed a statement of claims requesting permanent declaratory relief, along with relief for the rest of his employment-related claims, with FINRA. FINRA now awaits the resolution of Plaintiff's motion for preliminary injunction, Dkt. 21, before it will proceed with Plaintiff's arbitration. Defendant's petition and motion should be denied because the FINRA rules expressly allow this Court to grant the relief Plaintiff has requested.

**II.  FACTUAL BACKGROUND**

As outlined by Defendant, Plaintiff is a former employee of Defendant Piper Jaffray & Co. He executed a form U-4 in connection with his employment. As Defendant admits, the FINRA Code is binding on the parties in this dispute. See Mot., Dkt.6, at 3, 6. FINRA Code § 13804 reads, in relevant part:

(a) Temporary Injunctive Orders

(1) In industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competent jurisdiction. [. . . ]

(2) A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration under the Code must, at the same time, file with the Director a statement of claim requesting permanent injunctive and all other relief with respect to the same dispute in the manner specified under the Code.

(3) [. . .] A party obtaining a court-issued temporary injunctive order must notify the Director and the other parties of the issuance of the order within one

-1-

business day.

See Dkt. 22, Exh. 3.

Prior to filing this motion, Defense Counesl called Plaintiff's counsel to request that Plaintiff file a statement of claims with FINRA. Helland Decl. ¶ 2. Plaintiff's counsel informed Defense Counsel that Plaintiff did indeed intend to file a statement of claims, but that Plaintiff was proceeding with his request for a preliminary injunction under FINRA Code § 13804. Id. Plaintiff has now filed a statement of claims with FINRA. Dkt. 22, ¶ 2. FINRA has acknowledged receipt of the statement of claims. Id. FINRA has placed Plaintiff's request for arbitration on hold until the Court hears Plaintiff's motion for a preliminary injunction. Id.

On July 16, Plaintiff's Counsel emailed Defense Counsel to request that Defendant withdraw this motion and petition. Helland Decl. ¶ 3. Plaintiff's Counsel called Defense Counsel on July 17 with the same request. Id. Defendant denied Plaintiff's request, but did not deny the application of FINRA Code § 13804. Id. On July 17, Plaintiff filed his motion for a preliminary injunction. See Dkt. 21.

### III. FINRA RULES ALLOW PLAINTIFF TO PURSUE A PRELIMINARY INJUNCTION FROM THIS COURT

#### a. The FINRA Code Of Arbitration For Industry Disputes Controls The Parties' Rights Regarding Arbitration.

Defendant bases this motion and petition on Plaintiff's U-4 agreement, which incorporates the FINRA Code. As Defendant acknowledges and admits, Plaintiff's agreement to arbitrate is "pursuant to the rules of the FINRA." Mot. at 3, ; see also FINRA Code § 13200, Moriarty Decl. Exh. 2; McCague Decl. Exh. 1 at p. 4, ¶ 2.

Plaintiff must arbitrate those disputes which are "required to be arbitrated under [FINRA] rules." McCague Decl. Exh. 1 at p. 4, ¶ 5. Disputes between members and associate persons must be arbitrated pursuant to the FINRA Code of Arbitration for Industry Disputes, "except as otherwise provided for in the Code." FINRA Code § 13200, Moriarty Decl. Exh. 2.

#### b. The FINRA Code Provides Plaintiff The Limited Right To Obtain A Preliminary Injunction In Any Court Of Competent Jurisdiction.

1   FINRA Code § 13804 specifically provides Plaintiff the right to seek a temporary
2   injunctive order from a court of competent jurisdiction in disputes that otherwise must be
3   arbitrated.  See Dkt. 22, Exh. 3.  Thus, Section 13804 is one of the exceptions to mandatory
4   arbitration, referenced in Section 13200.

5   Plaintiff has requested this Court to provide the temporary relief allowed for in FINRA
6   Code § 13804.  See Dkt. 21.  If the Court grants Plaintiff's motion, Plaintiff will immediately
7   notify FINRA as required by FINRA Code § 13804(a)(3).  Upon such notification, Plaintiff will
8   exercise his right to a FINRA hearing, within 15 days, on his request for permanent injunctive
9   relief.  See FINRA Code § 13804(b)(1).  After FINRA has adjudicated Plaintiff's request for
10  permanent declaratory relief, Plaintiff will dismiss this case.

11  Despite Plaintiff's notice to Defendant prior to the filing of this motion that Plaintiff filed
12  this case as allowed by FINRA Code § 13804, Defendant failed to address section 13804 in its
13  brief.  On July 16 and 17, Plaintiff sought explanation from Defendant on why section 13804
14  should not apply; Defendant provided no such explanation.  As such, Plaintiff stands in the
15  position of responding to arguments that Defendant has not yet made.[1]

16  Plaintiff has filed his statement of claims, as required by FINRA Code § 13804(a)(2).
17  FINRA stands at the ready to adjudicate Plaintiff's claims as soon as this Court rules on
18  Plaintiff's for a preliminary injunction.  Plaintiff has no intention of pursuing this action beyond
19  what is allowable under FINRA Code § 13804.  However, under FINRA Code § 13804, Plaintiff
20  has the unequivocal right to seek a preliminary injunction from this Court.[2]  The Court should
21  therefore deny Defendant's petition to compel arbitration and motion to stay these proceedings.

22

23  **IV.  CONCLUSION**

24  For the reasons stated herein, the Court should deny Defendant's petition to compel
25  arbitration and motion to stay the proceedings.

26

---

[1] The Court has indicated it may rule on this motion without oral argument.  Given Defendant's failure to argue the only relevant point in this motion, Plaintiffs request the opportunity to respond, at oral argument, to whatever arguments Defendant makes regarding Section 13804 in its reply.

[2] See Dkts. 21-22 for Plaintiff's arguments in support of his request for a preliminary injunction.

-3-

**MEMORANDUM IN OPPOSITION TO PETITION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Dated: July 23, 2008              NICHOLS KASTER & ANDERSON, LLP

                                  By:    s/Matthew C. Helland
                                         Matthew C. Helland

                                  NICHOLS KASTER & ANDERSON, PLLP
                                  Attorneys for Plaintiffs and the Putative Class

-4-

**MEMORANDUM IN OPPOSITION TO PETITION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**