1   GORDON C. YOUNG, CASB NO. 158100
    Gordon.Young@kyl.com
2   JULIE A. KOLE, CASB NO. 203681
    Julie.kole@kyl.com
3   ANNE MORIARTY, CASB No. 251803
    Annie.moriarty@kyl.com
4   KEESAL, YOUNG & LOGAN
    450 Pacific Avenue
5   San Francisco, California 94133
    Telephone:   (415) 398-6000
6   Facsimile:   (415) 981-0136

7   Attorneys for Defendant
    PIPER JAFFRAY & CO.

8

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13

14   CHARLES JASON MORAN,                )   Case No.  CV 08-3188 JSW
                                         )
15                        Plaintiff,     )
                                         )
16           vs.                         )   **DEFENDANT PIPER JAFFRAY &**
                                         )   **CO.'S REPLY BRIEF IN SUPPORT OF**
17   PIPER JAFFRAY & CO., d/b/a PIPER    )   **(1) PETITION TO COMPEL**
     JAFFRAY,                            )   **ARBITRATION; AND (2) MOTION TO**
18                                       )   **STAY PROCEEDINGS**
                         Defendant.      )
19                                       )   **Date:        August 22, 2008**
                                         )   **Time:        9:00 a.m.**
20                                       )   **Place:       Department 2, 17th Floor**
                                         )   **Judge:       The Hon. Jeffrey S. White**
21                                       )
                                         )
22                                       )
                                         )
23                                       )
                                         )
24                                       )
                                         )
25                                       )
                                         )
26   _____)

27

28

                                              KYL_SF464656

1  Defendant PIPER JAFFRAY & CO. ("Defendant" or "Piper Jaffray") hereby

2  submits this Reply Brief in Support of its (1) Petition to Compel Arbitration and

3  (2) Motion to Stay Proceedings.

4

5  **I.    INTRODUCTION**

6  Plaintiff CHARLES JASON MORAN's ("Plaintiff" or "Mr. Moran") claims should

7  be compelled to Financial Industry Regulatory Authority ("FINRA") binding arbitration

8  because he signed a Form U-4 Uniform Application For Securities Industry Registration

9  or Transfer ("Form U-4") which contains an enforceable arbitration agreement[1]

10  governing *all* of the claims in his Motion for Preliminary Injunction (the "Motion") and

11  Complaint for Declaratory Relief.  (See, Form U-4 attached to the Declaration of Ann

12  McCague in Support of Petition to Compel Arbitration ("McCague Decl.") as Exhibit "1.")

13  Furthermore, the extraordinary relief that Plaintiff requests from this Court—injunctive

14  relief—is simply not appropriate in this case because Plaintiff cannot demonstrate a high

15  likelihood of success on the merits with respect to his claim that the non-compete

16  provisions in the agreements he signed are unenforceable.  Moreover, even if he could

17  demonstrate a high likelihood of success, money damages can easily and adequately

18  compensate Plaintiff for the purported losses he alleges he may suffer if the agreements

19  are enforced.

20  In his Opposition, Plaintiff concedes that his claims are subject to binding

21  arbitration.  His sole argument is that FINRA Rule 13804 allows him to seek temporary

22  injunctive relief in this Court.  Plaintiff's argument in this regard should be rejected for

23  at least the following reasons.  First, the hearing on Plaintiff's Motion will not be held

24  until October 10, 2008 – four months after Plaintiff initially filed his Motion in State

25  Court.  Plaintiff has not objected to this hearing date, nor has he sought a Temporary

26  ───────────────
27  [1] The arbitration clause is contained in the Form U-4's signed by Plaintiff.  By reference, it incorporates the FINRA's Rules of Arbitration.  This brief will refer to the Form U-4 arbitration clause and the incorporated FINRA Rules of Arbitration together as the "arbitration agreement."

28

DEFENDANT PIPER JAFFRAY & CO.'S REPLY BRIEF IN SUPPORT OF (1) PETITION TO COMPEL
ARBITRATION AND (2) MOTION TO STAY PROCEEDINGS -- CV 08-3188 JSW

1  Restraining Order seeking to maintain the status quo until the hearing date.

2  Accordingly, time is clearly not of the essence with regard to Plaintiff's Motion.

3  Second, without the benefit of any discovery, Plaintiff is improperly seeking to

4  obtain a preliminary determination from this Court on the merits of a claim that he has

5  already submitted to FINRA Arbitration.  The decision as to whether the non-compete is

6  enforceable is for the Arbitrators.  If Piper Jaffray enforces the non-compete provisions

7  and cancels Plaintiff's stock (which Piper Jaffray has not yet done), and the Arbitrators

8  determine after adequate discovery and a hearing that the non-compete provisions are

9  void, the Arbitrators can then provide Plaintiff with appropriate relief which will fully

10  compensate him for the ***monetary losses*** he alleges he will suffer.

11  Third, FINRA Rule 13804 requires that a party seeking temporary injunctive

12  relief file with FINRA and serve on the opposing party a Statement of Claim ("SOC")

13  requesting permanent injunctive relief.  Plaintiff's SOC does not request permanent

14  injunctive relief.  Thus, Plaintiff has failed to comply with the very Rule upon which he

15  claims to rely.

16  Accordingly, Defendant respectfully requests that, pursuant to the Federal

17  Arbitration Act, 9 U.S.C. § 1, et seq., the Court enter an order (1) compelling Plaintiff to

18  submit his all of his claims (including his request for preliminary injunctive relief) to

19  binding arbitration before the FINRA, and (2) staying this proceeding pending resolution

20  of the arbitration.  See, Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 224 (1985).

21

22  **II.    PROCEDURAL BACKGROUND**

23  On December 14, 1999, Plaintiff executed a Form U-4 which is required to be

24  executed by every broker who joins a member firm of the FINRA (formerly known as the

25  New York Stock Exchange ("NYSE") and National Association of Securities Dealers, Inc.

26  ("NASD").[2]  (See, Form U-4 attached to the Declaration of Ann McCague in Support of

27  _____

28  [2] On July 30, 2007, the NASD and the NYSE consolidated their regulatory functions and changed their

- 2 -                                    KYL_SF464656

1  Petition to Compel Arbitration ("McCague Decl.") as Exhibit "1.") By executing this

2  Form U-4, and pursuant to applicable law, Plaintiff agreed to arbitrate any dispute

3  which arose between him and Defendant.

4      Despite this binding arbitration agreement, on June 19, 2008, Plaintiff filed his

5  Complaint for Declaratory Relief and Motion in California state court against Piper

6  Jaffray. In his Motion, Plaintiff, a former employee of Piper Jaffray, requested that the

7  Court enjoin Piper Jaffray from enforcing the forfeiture/non-compete provision in certain

8  Restricted Stock agreements signed by Plaintiff.

9      On June 2, 2008, Defendant filed its Notice of Removal, removing the case to this

10  Court. See, Dkt. 1. The following day, Defendant filed its Petition to Compel Arbitration

11  and Motion to Stay proceedings. See, Dkt. 5. On July 15, 2008 (nearly two weeks after

12  Defendant filed its Petition to Compel Arbitration), Plaintiff filed a SOC against Piper

13  Jaffray with FINRA, implicitly recognizing that his claims are the subject of a binding

14  arbitration agreement. Piper Jaffray's counsel received Plaintiff's SOC on July 16,

15  2008. (See, Moriarty Decl. ¶ 5.) In the SOC, Plaintiff alleges causes of action for

16  (1) Wrongful Discharge in Violation of Public Policy, (2) Wrongful Discipline in Violation

17  of Public Policy, (3) Breach of Contract, (4) Waiting Time Penalties and (5) Declaratory

18  Relief. (See, Plaintiff's SOC attached to the Moriarty Decl. as Exhibit "1".) Plaintiff's

19  Declaratory Relief cause of action relates to the Motion for Preliminary Injunction in

20  that it seeks a determination from the Arbitrators that the non-compete provisions of the

21  above-mentioned agreements are unenforceable under California law. (See, Plaintiff's

22  SOC, ¶ 57 attached to the Moriarty Decl. as Exhibit "1".) Although Plaintiff informed

23  FINRA that he had moved for a preliminary injunction pursuant to FINRA Rule 13804

24  in state court and that the case has been removed, Plaintiff failed to request permanent

25

26

27  names jointly to FINRA. See, In Re Series 7 Broker Qualification Exam Litigation, 510 F.Supp. 2d 35, 36 n.1 (D.D.C. 2007).

28

DEFENDANT PIPER JAFFRAY & CO.'S REPLY BRIEF IN SUPPORT OF (1) PETITION TO COMPEL
ARBITRATION AND (2) MOTION TO STAY PROCEEDINGS -- CV 08-3188 JSW

1  injunctive relief from the FINRA Arbitrators.  (See, Plaintiff's SOC, ¶ 38 and prayer for

2  relief pgs. 11-12, attached to the Moriarty Decl. as Exhibit "1".)

3      On July 17, 2008, Plaintiff then re-filed his Motion for Preliminary Injunction in

4  this Court asserting essentially the same arguments as his state court motion.  See,

5  Dkt. 22.  Plaintiff again alleged that if Piper Jaffray enforced the forfeiture provisions,

6  he "[stood] to lose approximately $392,800 worth of stock".  (See, Dkt. 22, Plaintiffs'

7  Notice of Motion and Motion for Preliminary Injunction and Memorandum of Law and

8  Points of Authorities, pg. 11, lns. 2-3; Declaration of Charles Moran, ¶ 3.)  The hearing

9  on Plaintiff's Motion for Preliminary Injunction is set for October 10, 2008—nearly four

10  months after Plaintiff initially requested injunctive relief in state court.

11

12  **III.    LEGAL ARGUMENT**

13      **A.    Plaintiff Does Not Dispute That His Claims Are Subject To Binding**

14          **Arbitration**

15      Defendant's Petition and Motion is authorized by the Federal Arbitration Act ("the

16  FAA").  The FAA establishes a national policy favoring arbitration when the parties

17  contract for that mode of dispute resolution.  Southland Corp. v. Keating, 465 U.S. 1, 10

18  (1984); 9 U.S.C. § 1, et seq.  The United States Supreme Court has interpreted the FAA

19  as creating a liberal federal policy favoring arbitration agreements, notwithstanding any

20  state substantive or procedural policies to the contrary.  Moses H. Cone Memorial

21  Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983).  Both Federal and

22  California courts have articulated a strong public policy in favor of arbitration.  Id. at 24-

23  25;  Pacific Inv. Co. v. Townsend (1976) 58 Cal. App. 3d 1, 9 [arbitration is "a strongly

24  favored means of resolving dispute," and courts are to "indulge every intendment to give

25  effect to [arbitration] proceedings."]

26      Further, it is well settled that the Form U-4 constitutes a valid and enforceable

27  agreement to arbitrate.  See, Gilmer v. Interstate/Johnson Lane Corporation, 500 U.S. 20

28  (1991) [holding that Plaintiff's age discrimination claim was subject to compulsory

1  arbitration pursuant to his Form U-4].   As discussed in Piper Jaffray's Petition,

2  Plaintiff, in connection with the execution of his Form U-4, agreed to arbitrate any

3  dispute, claim or controversy with Defendant which is required to be arbitrated pursuant

4  to the rules, constitutions, or by-laws of the organizations with which they registered.

5  Plaintiff does not dispute any of the case law cited in Piper Jaffray's Petition or that his

6  claims are the subject of a binding arbitration agreement.

7      **B.**    **Plaintiff Should Be Compelled To Arbitration Notwithstanding**

8              **FINRA Rule 13804**

9         Plaintiff admits that his claims are subject to binding arbitration.  Plaintiff's sole

10  argument in opposing Defendant's Petition is that FINRA Rule 13804 allows him to seek

11  temporary injunctive relief in this Court.   However, Plaintiff has completely failed to

12  comply with FINRA Rule 13804. The Rule states: "A party seeking a temporary

13  injunctive order from a court with respect to an industry or clearing dispute required to

14  be submitted under the Code must, at the same time, file with the Director a statement

15  of claim requesting permanent injunctive and all other relief with respect to the same

16  dispute in the manner specified under the Code." FINRA Rule 13804(a)(2).  The Rule

17  further provides that "[i]f the court issues a temporary injunctive order, an arbitration

18  hearing on the request for permanent injunctive relief will begin within 15 days of the

19  date the court issues the temporary injunctive order."  FINRA Rule 13804(b)(1).

20         As stated above, Plaintiff's FINRA SOC does not request permanent injunctive

21  relief in accordance with FINRA Rule 13804(a)(2).   FINRA Rule 13804 clearly

22  establishes a framework and a procedure for parties that need to seek temporary

23  injunctive relief quickly in the courts.  However, Plaintiff has completely failed to comply

24  with that procedure.  Plaintiff's attempt to circumvent his admittedly binding arbitration

25  agreement by relying on a FINRA Rule with which he did not comply should not be

26  countenanced.

27

28

          KYL_SF464656

DEFENDANT PIPER JAFFRAY & CO.'S REPLY BRIEF IN SUPPORT OF (1) PETITION TO COMPEL
ARBITRATION AND (2) MOTION TO STAY PROCEEDINGS -- CV 08-3188 JSW

1    **C.    Plaintiff's Motion For Preliminary Injunction Should Be Denied**

2        As will be set forth more fully in Piper Jaffray's Opposition to Plaintiff's Motion

3    for Preliminary Injunction, preliminary injunctive relief is simply not appropriate in this

4    case.  The United States Supreme Court has recognized that a preliminary injunction is

5    "an extraordinary and drastic remedy."  Mazurek v. Armstrong, 520 U.S. 968, 972

6    (1997).   A preliminary injunction may be issued if the moving party can establish (1) the

7    likelihood of success on the merits and (2) a significant threat of irreparable injury.

8    Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 (9th Cir.

9    2001); Simula, Inc. v. Autoliv, Inc., 175 F3d 716, 725 (9th Cir. 1999).  Monetary injury is

10   not normally considered irreparable damage for the purpose of ruling on a preliminary

11   injunction.  Los Angeles Memorial Coliseum Commission v. National Football League,

12   634 F.2d 1197, 1202 (9th Cir. 1980).  See also, Sampson v. Murray, 415 U.S. 61, 90

13   (1974), quoting, Virginia Petroleum Jobbers Association v. Federal Power Commission,

14   104 U.S. App. D.C. 106, 110, 259 F.2d 921, 925 (D.C. Cir.1958) ["Mere injuries, however

15   substantial, in terms of money, time and energy necessarily expended ... are not enough.

16   The possibility that adequate compensatory or other corrective relief will be available at

17   a later date, in the ordinary course of litigation, weighs heavily against a claim of

18   irreparable harm."]

19       Plaintiff cannot establish that it is likely that the Arbitrators will ultimately

20   determine that the non-compete provisions in the agreements are void.  Similar non-

21   compete agreements have been upheld by the 9th Circuit applying California law.  See,

22   Bajorek v. International Business Machines Corp., 191 F.3d 1033, 1041 (9th Cir. 1999).

23   Furthermore, even if Plaintiff could establish that he was likely to succeed on the merits

24   (which he cannot), he cannot show that there is a significant threat of irreparable harm.

25   If Plaintiff's shares of stock are cancelled, the amount of damages he will suffer is easily

26   quantifiable.  In fact, Plaintiff himself readily computes the value of his claim as a

27   monetary figure:  "Plaintiff stands to lose approximately $392,800 worth of stock if

28   Defendant cancels his shares."  (See, Dkt. 22, Plaintiffs' Notice of Motion and Motion for

- 6 -    KYL_SF464656

1  Preliminary Injunction and Memorandum of Law and Points of Authorities, pg. 11,

2  lns. 2-3; Declaration of Charles Moran, ¶ 3.)   Plaintiff is attempting to gain a tactical

3  advantage in Arbitration by obtaining a preliminary determination from this Court that

4  he is likely to succeed on his claim.  However, Plaintiff can be adequately compensated

5  with money damages.  Therefore, preliminary injunctive relief is simply not appropriate.

6  The question of whether the non-compete provisions are enforceable should be left to the

7  Arbitrators.

8

9  **IV.    CONCLUSION**

10      For the reasons set forth herein, Defendant respectfully requests that Plaintiff's

11  claims against Defendant be referred to binding FINRA arbitration and that these court

12  proceedings be stayed pending the arbitration.

13

14

15  DATED:  July 30, 2008                    GORDON C. YOUNG

16                                           JULIE A. KOLE
                                             ANNE MORIARTY
17                                           KEESAL, YOUNG & LOGAN
                                             Attorneys for Defendant
18                                           PIPER JAFFRAY & CO.

19

20

21

22

23

24

25

26

27

28

KYL_SF464656

DEFENDANT PIPER JAFFRAY & CO.'S REPLY BRIEF IN SUPPORT OF (1) PETITION TO COMPEL
ARBITRATION AND (2) MOTION TO STAY PROCEEDINGS -- CV 08-3188 JSW