1  GORDON C. YOUNG, CASB NO. 158100
   Gordon.Young@kyl.com
2  JULIE A. KOLE, CASB NO. 203681
   Julie.kole@kyl.com
3  ANNE MORIARTY, CASB No. 251803
   Annie.moriarty@kyl.com
4  KEESAL, YOUNG & LOGAN
   450 Pacific Avenue
5  San Francisco, California 94133
   Telephone:  (415) 398-6000
6  Facsimile:  (415) 981-0136

7  Attorneys for Defendant
   PIPER JAFFRAY & CO.
8

9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JASON MORAN, | Case No. CV 08-3188 JSW |
| Plaintiff, | |
| vs. | SUMMARY OF ARGUMENT SET FORTH IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION |
| PIPER JAFFRAY & CO., d/b/a PIPER JAFFRAY, | |
| Defendant. | Date: October 10, 2008<br>Time: 9:00 a.m.<br>Place: Department 2, 17th Floor<br>Judge: The Hon. Jeffrey S. White |

Pursuant to this Court's Standing Order No. 6, Defendant PIPER JAFFRAY & CO. hereby submits its Summary of Argument set forth in its Opposition to Plaintiff CHARLES JASON MORAN's ("Plaintiff" or "Mr. Moran") Motion for Preliminary Injunction.

1  During his employment with Piper Jaffray, Plaintiff participated in Piper Jaffray's Long Term Incentive Plan (the "Plan"), through which he received grants of contingent interests in Piper Jaffray restricted stock which were contingent upon continued employment with Piper Jaffray and vest over a three year period, beginning on February 21, 2009. Plaintiff's employment ended on April 14, 2008. Although clearly entitled under the terms of the Agreements, Piper Jaffray has not yet cancelled any of Plaintiff's restricted stock. Plaintiff now requests that this Court enjoin Piper Jaffray from cancelling his contingent interests in restricted stock. Plaintiff is not entitled to the extraordinary relief he requests for at least the following reasons. <u>First</u>, because money damages would fully compensate him for any of his alleged losses, Plaintiff cannot establish that he will be irreparably harmed without injunctive relief. <u>Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League</u>, 634 F.2d 1197, 1202 (9th Cir. 1980). <u>Second</u>, because the shares will not vest until next year, at the earliest, there is no threat of imminent harm. <u>Third</u>, Plaintiff cannot show that he is likely to succeed on the merits of his claim. The Agreements are enforceable under prevailing Ninth Circuit authority. <u>See</u>, <u>Bajorek v. Int'l Bus. Machines Corp.</u>, 191 F.3d 1033 (9th Cir. 1999).[1] Further, the Agreements contain a Delaware choice of law provision and, under Delaware law, provisions such as those contained in the Agreements are enforceable. <u>Finally</u>, as fully set forth in Defendant's Petition to Compel Arbitration, all of Plaintiff's claims should be compelled to FINRA binding arbitration. For these reasons, Piper Jaffray respectfully requests that Plaintiff's Motion be denied.

DATED: August 7, 2008

_____
GORDON C. YOUNG
JULIE A. KOLE
ANNE MORIARTY
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
PIPER JAFFRAY & CO.

---

[1] On the day of this filing, the California Supreme Court issued its decision in <u>Edwards v. Arthur Andersen</u>, Civil Docket No. S147190 (August 7, 2008). In its decision, the Court was critical of the holding of <u>Bajorek</u>. Although counsel for Defendant has not had time to fully review this decision, the <u>Edwards</u> holding may impact this case. If the Court so requests, Defendant would be willing to submit further briefing on this issue.