NICHOLS KASTER, LLP
Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

NICHOLS KASTER, PLLP
James H. Kaster, CA State Bar No. 248949
kaster@nka.com
4600 IDS Center, 80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Charles Jason Moran,<br><br>         Plaintiff,<br><br>v.<br><br>Piper Jaffray & Co.,<br>d/b/a Piper Jaffray,<br><br>         Defendant. | **CASE NO: 08-cv-3188 JSW**<br><br>**REPLY MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: October 10, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
**08-cv-03188-JSW**

## I. INTRODUCTION

As the California Supreme Court made abundantly clear in <u>Edwards II v. Arthur Andersen LLP</u>, --- Cal.Rptr.3d ----, 2008 WL 3083156 (Cal., August 7, 2008), the contractual provisions Plaintiff challenges in this motion are unenforceable under California law. Through this motion, Plaintiff seeks a preliminary injunction preventing Defendant from taking the irreversible action of cancelling his shares of Piper Jaffray stock. The Court should grant the motion because, if Defendant does take this action, it will be impossible to calculate Plaintiff's damages and money damages will not adequately compensate Plaintiff for the injuries he will suffer.

## II. PLAINTIFF HAS A VERY STRONG LIKELIHOOD OF SUCCESS ON THE MERITS.

The only case Defendant cites challenging the enforceability of the agreements is federal case from the Ninth Circuit: <u>Bajorek v. Int'l Bus. Machines Corp.</u>, 191 F.3d 1033 (9th Cir. 1999). However, the California Supreme Court recently rejected the Ninth Circuit's reasoning in the <u>Bajorek</u> line of cases:

> California courts have not embraced the Ninth Circuit's narrow-restraint exception.[1] Indeed, no reported California state court decision has endorsed the Ninth Circuit's reasoning, and we are of the view that California courts 'have been clear in their expression that section 16600 represents a strong public policy of the state which should not be diluted by judicial fiat.' (<u>Scott v. Snelling and Snelling, Inc.</u> 732 F.Supp. 1034, 1042 (N.D.Cal. 1990)). Section 16600 is unambiguous, and if the Legislature intended the statute to apply only to restraints that were unreasonable or overbroad, it could have included language to that effect. We reject Andersen's contention that we should adopt a narrow-restraint exception to section 16600 and leave it to the Legislature, if it chooses, either to relax the statutory restrictions or adopt additional exceptions to the prohibition-against-restraint rule under section 16600.

---

[1] The California Supreme Court identifies <u>Bajorek</u>, as well as <u>Campbell v. Trustees of Leland Stanford Jr. Univ.</u>, 817 F.2d 499 (9th Cir.1987) and <u>General Commercial Packaging v. TPS Package</u>, 126 F.3d 1131 (9th Cir.1997), as the cases employing the reasoning it rejected. See <u>Edwards II</u>, 2008 WL 3083156 at *7.

**-1-**

1  Edwards II, 2008 WL 3083156 at *7.  In its conclusion, the Supreme Court left no doubt that
2  noncompetion agreements such as the one at issue here are unenforceable: "Noncompetition
3  agreements are invalid under section 16600 in California even if narrowly drawn, unless they fall
4  within the applicable statutory exceptions of sections 16601, 16602, or 16602.5."  Id. at *11.
5  Because defendant has not, and cannot, show that the agreements fall under the exceptions to the
6  rule,[2] the noncompetition agreement will ultimately be invalidated.

7  Defendant also argues that Delaware law should apply to the agreement.  However, the
8  California cases Defendant cites merely outline general choice of law principles.  See Dkt 32,
9  Def. Opp. at 10.  Defendant fails to mention, much less distinguish, the California cases Plaintiff
10 cited which reject choice of law provisions in agreements just like those at issue here.  See, e.g.,
11 Application Group, Inc. v. Hunter Group, Inc., 61 Cal. App. 4th 881 (1998); Frame v. Merrill
12 Lynch, Pierce, Fenner & Smith, 20 Cal. App. 3d 668 (1971); Davis v. Advanced Care Techs. Inc.,
13 2007 WL 2288298 (E.D.Cal. 2007).  Under Application Group, Frame, and Davis, California law
14 will apply.

15 **III.  PLAINTIFF WILL SUFFER IRREPARABLE HARM IF DEFENDANT
16       CANCELS HIS SHARES.**

17 If Defendant cancels his stock, Plaintiff will suffer an immediate and irreparable loss
18 sufficient to support a preliminary injunction.  The United States Supreme Court, in the case
19 Defendants cite, has left open the possibility that temporary loss of income alone may support a
20 preliminary injunction: "temporary loss of income, ultimately to be recovered, does not usually
21 constitute irreparable injury."  Sampson v. Murray, 415 U.S. 61, 90 (1974) (emphasis added).
22 Here, as outlined in Plaintiff's initial memorandum, the damages exceed temporary loss of
23 income.  Plaintiff also stands to lose important rights and benefits inherent in the ownership of
24 stock, such as stock appreciation, taxation timing, and the characterization of the income under
25 tax code.  See Plt's Mot., Dkt. 21 at 11-12.  The Ninth Circuit case Defendants cite fails to
26 address these issues.  See Lydo Enter., Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (Plaintiffs

---

[2] Section 16601 applies in the sale of a business or an ownership interest in a business.  Cal. Bus. Prof. Code § 16601. Section 16602 applies in the dissolution of a partnership.  Cal. Bus. Prof. Code § 16602.  Section 16602.5 applies in the dissolution or sale of a limited liability company.  Cal Bus. Prof. Code § 16602.5.  None of these situations apply here.

-2-

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
**08-cv-03188-JSW**

damages were limited to the fixed costs of relocating a business)[3]. Likewise, none of the out-of-circuit cases Defendant cites as persuasive authority address the arguments Plaintiff advances here. See Manhattan Cable Television, Inc. v. Cable Doctor, Inc., 824 F.Supp. 34 (S.D.N.Y. 1993) (cable television company sought an order enjoining another company from installing cable television); Borey v. National Union Fire Ins. Co. of Pittsburgh, Penn., 934 F.2d 30 (2nd Cir. 1991) (company sought to protect surety rights of "quia timet" and "exoneration"); Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969 (2nd Cir. 1989) (granting plaintiff's motion for preliminary injunction).

Defendant glibly dismisses Plaintiff's taxation and timing arguments, suggesting that Plaintiff's damages are limited to the present-day value of his stock ($382,000 at the time of Plaintiff's initial filing). Dkt. 32, Def. Opp. at 7. However, Plaintiff stands to lose much more than the stock's current value. Defendant does not propose a method to compensate Plaintiff for the loss of the various benefits inherent in stock ownership, including the possibility of future appreciation, taxation timing, and the nature of income under the tax code. Likewise, Defendant fails to provide the Court with any method of calculating damages for stocks that will vest up to three years in the future and may not be sold for another 50 years after that (or anywhere in between, based on market conditions). Because Plaintiff's damages are impossible to calculate and compensate, the Court should grant Plaintiff's motion.

### IV. PLAINTIFF WILL SUFFER IMMEDIATE HARM IF DEFENDANT CANCELS HIS STOCK, REGARDLESS OF THE VESTING SCHEDULES.

Defendant admits it has the purported right to cancel Plaintiff's shares immediately; it is precisely that right Defendant seeks to protect in opposing this motion.[4] And yet, Defendant argues that there is no threat of immediate harm to Plaintiff. This argument fails to recognize Plaintiff's current interest in his stock: vested or not, the shares at issue are compensation for work Plaintiff has already performed. Likewise, the shares have already been issued in Plaintiff's name; they are not merely unexercised options. Plaintiff may not have a full ownership interest in

---

[3] Lydo is also distinguishable because the plaintiff delayed almost 5 years before requesting a preliminary injunction. Contrary to Defendant's assertions, Moran has not delayed in bringing this motion. See infra, Section V.
[4] See Dkt. 32, Def. Opp. at 11, ll 21-24.

-3-

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
**08-cv-03188-JSW**

1  the shares, but he has an ownership interest nonetheless. Absent some contractual right,
2  Defendant cannot take those shares away. Plaintiff will suffer the immediate loss of his present
3  interest in those shares if Defendant cancels them under the contract.[5]

### V. PLAINTIFF PROCEEDED QUICKLY AND FOLLOWED FINRA RULES BY REQUESTING DECLARATORY RELIEF IN ARBITRATION.

Defendant's accusations that Plaintiff has delayed and "[slept] on his rights" are meritless. Plaintiff made every effort to bring this matter to hearing as fast as possible, first by filing in state court (which would have provided for a quicker hearing), and then by noticing the motion for the earliest date possible in federal court. It was Defendant's decision to remove the case, and then this Court's busy docket, that caused the hearing to be delayed until October. Both of these factors are outside Plaintiff's control.[6] Plaintiff has sought relief in the quickest manner possible, and this Court should grant that relief.

Finally, Defendant argues that Plaintiff should not be allowed to pursue his request for a preliminary injunction because he did not request a permanent injunction in his Statement of Claims. Plaintiff did, however, request declaratory relief. (See Dkt. 31, Plaintiff's SOC attached to the Supp. Moriarty Decl. as Exh. 1.) If the arbitrator grants Plaintiff's request for declaratory relief, a permanent injunction would be unnecessary and legally unintelligible. In this motion, Plaintiff requests a preliminary injunction enjoining the operation of certain contractual provisions. Once an arbitrator declares those contractual provisions invalid, there will be <u>no contractual rights remaining for the arbitrator to enjoin</u>. Cancelling Plaintiff's shares under those circumstances would be an act of conversion. Despite the disagreements between the parties, Plaintiff does not believe he needs an arbitrator to permanently enjoin Defendant from stealing his property.

---

[5] The Court should not be led astray by Defendant's attempts to equate timing of income realization under the tax code with Plaintiff's property interest in his unvested stock. See Hornung v. C.I.R., 47 T.C. 428 (1967) (explaining the doctrine of "constructive receipt" as it relates to the timing of income realization).

[6] Defendant also suggests that Plaintiff should have sought a temporary restraining order. Plaintiff did not do so because FINRA rules do not allow it. Section 13804 only allows for an <u>injunction</u>, not a restraining order. (See Helland Decl. Exh. 3.) Given the arguments Defendant has already presented on the semantics of 13804, Defendant surely would have responded to a request for a TRO by fervently arguing that it was not allowed under 13804.

-4-

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
**08-cv-03188-JSW**

### VI. CONCLUSION

The agreements at issue are invalid under settled California law. This Court should issue a preliminary injunction prevent Defendant from taking the irreversible and irreparable step of cancelling the stock Plaintiff earned while working for Defendant.

Dated: August 14, 2008                        NICHOLS KASTER, LLP

                                              By:   s/Matthew C. Helland
                                                    Matthew C. Helland

                                              NICHOLS KASTER, PLLP
                                              Attorneys for Plaintiffs and the Putative Class

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
**08-cv-03188-JSW**

**CERTIFICATE OF SERVICE**
Moran v. Piper Jaffray & Co.
**Case 3:08-cv-03188-JSW**

I hereby certify that on August 14, 2008, I caused the following document(s):

**Reply Memorandum And Points Of Authorities In Support Of Plaintiff's Motion For Preliminary Injunction**

to be served via ECF to the following:

Gordon C. Young
Julie A. Kole
Anne Moriarty
KEESAL, YOUNG & LOGAN
450 Pacific Ave
San Francisco, CA  94133

Dated:  August 14, 2008          NICHOLS KASTER, LLP

                _s/ Matthew C. Helland_____
                Matthew Helland
                **NICHOLS KASTER, LLP**
                One Embarcadero Center
                Suite 720
                San Francisco, CA  94111
                Telephone (415) 277-7235
                Facsimile (415) 277-7238