IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES JASON MORAN,

    Plaintiff,

v.

PIPER JAFFRAY & CO. d/b/a PIPER JAFFRAY,

    Defendant.

No. C 08-03188 JSW

**ORDER GRANTING PETITION TO COMPEL ARBITRATION AND MOTION TO STAY**

Now before the Court is the petition to compel arbitration and motion to stay this action pending arbitration filed by defendant Piper Jaffray & Company ("Defenant"). Having carefully reviewed the parties' papers and the relevant legal authority, and having had the benefit of oral argument, the Court hereby grants Defendant's petition and motion.

With the exception of the pending motion for preliminary injunction, the parties agree that the dispute between them is required to be submitted to arbitration. The parties further agree that Financial Industry Regulatory Authority, Inc.'s ("FINRA") Code of Arbitration Procedure for Industry Disputes § 13804 ("Rule 13804") governs whether Plaintiff is entitled to seek a preliminary injunction in this Court. Rule 13804(a) provides in pertinent part:

> (1) In industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competition jurisdiction. ...
> (2) A party seeking a temporary injunctive order from a court with respect to an industry or clearing dispute required to be submitted to arbitration under the Code must, *at the same time*, file with the Director a statement of claim requesting permanent injunctive and all other relief with respect to the same dispute in the manner specified under the Code. The party seeking temporary injunctive relief must also serve the statement of claim requesting permanent injunctive and all other

   relief on all parties in the same manner and at the same time as the statement of claim is filed with the Director.

Code of Arbitration Procedure for Industry Disputes § 13804(a) (emphasis added).

   On June 18, 2008, plaintiff Charles Jason Moran ("Plaintiff") filed this action in the Superior Court of the State of California for the City and County of San Francisco. Defendant removed this action to this Court on July 2, 2008. On July 3, 2008, Defendant filed its petition to compel arbitration and motion to stay this action pending arbitration.

   Although Plaintiff contends that this Court may hear his motion for preliminary injunction pursuant to Rule 13804, Plaintiff has not complied with the Rule's requirement that a party seeking temporary injunctive relief from a court must, *at the same time*, file a statement of claims with FINRA which seeks permanent injunctive relief. Plaintiff did not file his original statement of claims with FINRA until July 15, 2008, almost a month after he initiated this action. Plaintiff's original statement of claims did not include a request for permanent injunctive relief. It was not until after Defendant pointed out this defect and the Court highlighted Plaintiff's failure to comply with Rule 13804 in the Notice of Tentative Ruling and Questions, that Plaintiff filed an amended statement of claims seeking permanent injunctive relief.

   Defendant argues that the Rule must be read literally and that it has been prejudiced by Plaintiff's failure to comply with the Rule in that Defendant has had to incur the costs of moving to compel arbitration and stay this action. Neither party has provided the Court with any authority which provides any guidance on how to construe Rule 13804. Without any authority demonstrating that the Court may waive the literal requirements of Rule 13804, the Court is left with solely the language of the Rule. According to the plain language of Rule 13804, a party seeking injunctive relief from a court on a dispute which is required to be submitted to arbitration must simultaneously file a statement of claims with FINRA seeking permanent

///

///

///

injunctive relief. Plaintiff failed to do so here. Accordingly, the Court GRANTS Defendants' petition to compel arbitration and motion to stay this action pending arbitration.

**IT IS SO ORDERED.**

Dated: August 25, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE